Estate of Spencer K. Mulford, Jr., deceased, Dorothy L. Mulford, Administratrix, and Dorothy L. Mulford, surviving wife v. Commissioner.
Estate of Spencer K. Mulford, Jr. v. Commissioner
Docket No. 17232.
United States Tax Court
1949 Tax Ct. Memo LEXIS 141; 8 T.C.M. (CCH) 628; T.C.M. (RIA) 49168; June 27, 1949
*141 George F. Shinehouse, Jr., Esq., for the petitioner. William D. Harris, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency in income tax of the decedent and his wife for the year 1940 in the amount of $37,307.12. The issue for decision is whether it was error on the part of the Commissioner to include in the decedent's income for 1940 $111,600, representing the fair market value of 3,100 shares of Link-Belt Company common stock received by the decedent in that year, and to include $16,196.37 as a net long-term capital gain from the sale of a one-fourth interest in the Josephine Kern Dodge Trust. The petitioner contends that there was only one transaction whereby the decedent realized a net long-term capital gain of $14,893.70. Findings of Fact Spencer K. Mulford, Jr., referred to herein as the decedent, died on October 8, 1945 survived by his wife, Dorothy L. Mulford. The decedent and his wife filed a joint income tax return for 1940 with the collector of internal revenue for the first district of Pennsylvania. The decedent was formerly married to Fayelle Dodge. The latter was the daughter of *142 Josephine Kern Dodge. Josephine Kern Dodge created a trust in 1917 naming her son, Kern Dodge, and the Pennsylvania Company for Insurance on Lives and Granting Annuities (hereafter called Pennsylvania Company) trustees. She transferred certain property to the trust. It was provided in the trust that the income therefrom should be paid to the grantor for life. One-fourth of the principal of the trust, after the death of the grantor, was to be held in trust and the income thereof paid to Fayelle Dodge for her life, and at her death the principal was to be disposed of as she might direct in her last will and testament. Josephine Kern Dodge was living at all times material hereto. Fayelle Dodge, while the wife of the decedent, was indebted to the Pennsylvania Company in the amount of $191,306.64, and she assigned to her creditor, on or about September 22, 1934, securities having a market value of $56,604.13, a mortgage in the principal amount of $30,000, and one-half of her one-fourth interest in the Josephine Kern Dodge Trust in satisfaction of the indebtedness. The one-eighth interest in the trust was taken at a stipulated value of $104,906.96 and the creditor gave to Fayelle, her *143 heirs or assigns, an option or right to redeem or repurchase, inter alia, the one-eighth interest in the trust at any time within five years upon the payment of $104,906.96, plus interest at the rate of 4 per cent per annum. Fayelle died on January 16, 1935 and bequeathed her estate to her husband, the decedent herein. Her one-eighth interest in the trust was valued for estate tax purposes at $121,906.30, and it is stipulated herein that that was the value of that interest at that time. The option or right to redeem the one-eighth interest which Fayelle had assigned to her creditor was not reported in her estate tax return or taxed as a part of her estate. The decedent exercised the option and repurchased the one-eighth interest of Fayelle in the trust from the Pennsylvania Company on November 14, 1935 for $104,906.96, plus interest in the amount of $4,762.39 and thereafter he was the owner of a one-fourth interest in the trust. The decedent was informed in May 1940 of the intention of Kern Dodge, one of the trustees, to withdraw a number of shares of Link-Belt Company stock from the principal of the trust and pay it over to Josephine Kern Dodge in accordance with a provision *144 of the trust instrument. The withdrawal of that stock would have reduced the decedent's interest in the trust materially and he objected to the proposed withdrawal and questioned the right or power of Kern Dodge to withdraw the stock on the grounds of estoppel, and he also disputed the amount of stock subject to withdrawal, assuming that estoppel did not apply. Negotiations for the settlement of these differences were conducted by counsel for the parties from May until December 1940. No litigation was commenced and the only legal action that was available was such as would prevent any improper depletion of the corpus of the trust. A settlement was reached on December 14, 1940 whereby the decedent received in 1940 7,600 shares of Link-Belt Company stock having a value of $36 per share and he sold and transferred his entire one-fourth remainder interest in the trust. 3,100 of the shares were furnished by Josephine Kern Dodge and 4,500 shares were furnished by Kern Dodge and Josephine Dodge Wilkinson, each of whom had one-fourth interests in the trust. The record does not show how the decedent and his wife reported the above transaction on their income tax return for 1940. The Commissioner, *145 in determining the deficiency, added to income as reported on the return $111,600 representing the fair market value of 3,100 shares of the common stock of Link-Belt Company "received by you as consideration for the abandonment of legal action" and $16,196.37 as a net capital gain on the sale of a one-fourth interest in a trust. The decedent's basis for gain or loss on the one-fourth interest in the trust which he sold in 1940 was $243,812.60, consisting of $121,906.30, the value of a one-eighth interest in the trust which he received under Fayelle's will, $109,669.35 which he paid to Pennsylvania Company for the other one-eighth interest, and $12,236.95, the value of the option or right to repurchase the one-eighth interest, which option or right the decedent also acquired under the will of Fayelle. The transaction in which the decedent disposed of his one-fourth interest in the trust was a single indivisible transaction from which he realized a gain of $29,787.40 representing a net long-term capital gain of $14,893.70. The stipulation of facts is incorporated herein by this reference. Opinion MURDOCK, Judge: The Commissioner states in his brief that the decedent's basis *146 for his one-fourth interest in the trust was $231,575.65. The petitioner takes the position that this figure is correct as far as it goes, but there should be added to it the value of the option to repurchase the one-eighth interest from the Pennsylvania Company which the decedent received under Fayelle's will and exercised shortly after her death. The respondent makes no argument in opposition to this contention. The stipulated figures indicate that the decedent did acquire a valuable option under Fayelle's will and the evidence justifies the figure found as its value. The Commissioner contends that the transaction whereby the decedent settled with the members of the Dodge family was effected by two separate contracts, one whereby the decedent transferred his one-fourth interest in the trust to Kern Dodge and Josephine Dodge Wilkinson for 4,500 shares of Link-Belt Company stock, resulting in a capital loss, and the other a settlement of the "litigation" for 3,100 shares received from Josephine Kern Dodge, all of which represented ordinary taxable income. He relies upon a statement in a letter from the attorney for the Dodges that Josephine Kern Dodge would turn over to the decedent *147 3,100 shares "in settlement of the litigation which has been going on for the last several months" and Kern Dodge and Josephine Dodge Wilkinson would turn over to the decedent 4,500 shares as consideration for the decedent's assignment to them or their nominees of his one-fourth interest in the trust. However, that letter indicates that the agreement had been made previously by a telephone conversation and the letter itself states, in effect, that the agreement was indivisible. The decedent did not reply to the letter. There was no pending litigation to be settled and all that the decedent did was to transfer his one-fourth interest and all that he cared about was that he would receive 7,600 shares. Those things were done. The attorney for the decedent gave testimony which indicates that the decedent surrendered his one-fourth interest for 7,600 shares of Link-Belt Company stock in one single indivisible transaction. The decedent had no interest in income from the trust. His only interest was in one-fourth of the corpus of the trust after the death of Josephine Kern Dodge. His efforts throughout were merely to protect that capital asset, and whatever he received in this transaction *148 would have to be offset against his basis for gain or loss on that capital asset because in the transaction he disposed of that property. ; , in which the Court said: "The case is not to be confused with one where the basis of the suit is an injury to capital, with the result that the recovery is never income, no matter when collected." The respondent has cited no cases to the contrary. Decision will be entered under Rule 50.